May it please the court, Micah Echols for the appellants. This is an appeal from a summary judgment order on the trustees preference claims and in this appeal we've raised three issues and as kind of alternative relief we have another legal argument that we threw in there which is not really a legal argument but the NRAP 5 certified question issue or the abeyance since some of these issues are already pending in the Nevada Supreme Court. But in this appeal the threshold issue we have is a bankruptcy courts lack of authority and this goes to the Stern claim that we talked about and the the language that we quoted from Stern which relies upon Langenkamp fits into the facts of this case. Counsel let me just let me stop. What you're suggesting is if we accept your argument is that the bankruptcy court wasn't empowered to enter a final judgment right? Correct your honor. But your brief says in particular page 9 that because you didn't file an answer that a bias and snowshoe did not consent to jurisdiction and then absent consent the bankruptcy court can only enter proposed findings of fact and conclusions of law which the district court reviews the NOVA right? Correct your honor. So from that argument then and from 28 UFC section 157 c1 which is what gives the district court the authority to review the non-core matter once the bankruptcy court enters its findings of fact. The appeal then has to go to the district court if you want to have the findings of fact reviewed de novo. Correct? Because that's what 158 c1 requires is that you make an election and you elected in this case to bring the case to the bankruptcy appellate panel not to go to the district court right? Your honor what our argument is is two parts in that we have to have both conditions met both of both the claim being filed and the answer and in the circumstance of this case a little bit strange because. But what I'm getting at that you're not addressing is here we are in the back you're suggesting that we should review the bankruptcy courts decision which you characterize because it's a stern claim as proposed findings of fact conclusions of law. We don't have jurisdiction do we? To review under those circumstances only the district court by virtue of 28 UFC 157 C has the ability to review that decision and make that determination. So why are you here? Your honor we are here because we have the opportunity to elect either the bankruptcy appellate panel or the district court and I don't recall on the answering brief raising this issue but what I would ask if the if the court believes that it does not have No what we do is dismiss the appeal if your argument is correct because if we don't have jurisdiction because you pick the wrong forum for us to decide this then that would be our only option. We would be without jurisdiction and then the question is why wouldn't we sanction you for having put us and Appellant's Council Appellate's Council through the process of preparing an argument filing a brief and attending a hearing that you should have known you had no jurisdiction we have no jurisdiction over the determination because you raise an issue that you suggest we haven't got the ability to review. Your honor I appreciate the question and the comments that you've made and because these were not fleshed out in the answering brief I would like the opportunity if the court is considering sanctions to file a supplemental brief addressing the court's concerns. Of course I'm not at the sanctions point I'm sorry judge Taylor I didn't mean to. What I want to know is you didn't raise this in your motion to dismiss that was filed either the original motion to dismiss nor in your amended motion to dismiss. The local rule requires on the first responsive pleading motion or paper that's filed in an adversary proceeding under 7012 B that you raise the issue so you didn't you didn't seek to withdraw the reference to see if the district court would decide this question under because you raised it as a stern suggestion in your motion for summary judgment. That's the first time you've raised it then you raise it with us and you don't elect the district court instead you elect to come to the BAP which is your choice because the statute provides you with the ability to make that decision upon you're filing a notice of appeal. So why shouldn't we in this instance find that you vote that you've waived that you forfeited your right to raise the stern question by failing to raise it below it timely. Number two not taking and making the election to go to the district court and asking us to resolve this question now. Your honor I'm sorry judge Taylor has something else. No I just said that's a different question put actions piece over here but yeah we would give you an opportunity to be heard but there's two possible ways we have waiver here why shouldn't we find that the stern part of your argument has been waived either below or by your election here. Your honor if if the court looks at this in both the instance that judge Gann talks about as well as and actually judge Gann mentioned both of them if this is a waiver this is really our threshold issue in the case and so if we don't win on the threshold issue then we just go to the next argument and that's why we've presented the three different arguments and so if the courts looking at this is waiver I can appreciate that and I can accept that and that's why that wasn't our only argument. So the second argument we have is the adoption by the district court of the state district courts findings of fact conclusions of law with respect to the overlapping facts that are in this case. The issue we have with this is that first is is an issue that's actually before the Nevada Supreme Court right now on whether the trustee had the ability to step into the shoes of a predator in ongoing litigation that was already in Washoe County and so really that's an issue that we've asked for either abeyance or NRAP 5 certification to the Nevada Supreme Court because ultimately the Nevada Supreme Court has the ability to address the jurisdiction of its own courts. But let me let me ask you to clarify that. Okay. So is the is the issue the question of whether the trustee could step into the litigation on behalf of the bankruptcy estate? That you're asking the state you're asking the state Supreme Court to determine that the trustee couldn't take over the litigation and become the plaintiff in that instance? Basically the issue your honor is that the trustee could not come into the case on behalf of the creditors not on behalf of the estate and so that's that's the distinction that we're currently litigating in Nevada. When you say the creditors you mean the herps to parties it couldn't substitute in on behalf of the estate instead of just representing them individually? Correct your honor. But but it's true isn't it that in this didn't oppose the motion and in fact stipulated that the trustee could substitute in then the sub then the substituted trustee filed an amended complaint that alleged that the fraudulent transfers were for the benefit of the bankruptcy estate not for the herps party and you didn't object or raise standing at any point during any of those proceedings? The way that we've presented the argument in the Nevada Supreme Court and we've reiterated some of the authorities in our briefs in this court is under Swan v. Swan as a Nevada Supreme Court case that standing is a matter of subject matter jurisdiction and cannot be waived and so even though there was a stipulation as the court points out subject matter jurisdiction cannot be waived and so that's part of our argument there. There never was a finding a specific finding that the trustee appeared on behalf of the estate but there there are some findings within the order the final order from the state district court that say that it was for the benefit of the creditors and so that's where we got that argument your honor. So the next argument we have on preclusion and this is the bankruptcy judge. The bankruptcy judge basically takes the state court's findings of fact and says hey I'm just going to adopt these as my own and and we provided some citations in the reply brief where we've quoted the record where he says I could talk about all these other things but I'm just going to adopt this wholesale and so the way we've characterized this in our opening brief is we said the bankruptcy judge could not use preclusion as a sword but rather under Nevada law it can only be used as a shield and the the case that was talked about at the bankruptcy court level was Edwards versus Gandauer. Edwards basically involved a situation plaintiff files against defendant in case one appeals that loses case one plaintiff loses case one appeals that and then files case two so plaintiff is the same in both cases and the Supreme Court says well you know we're going to apply a normal issue preclusion here you've already litigated this issue and the fact that your case is on appeal doesn't prevent us from applying preclusion principles. This case is instead of defensive issue preclusion we have offensive issue preclusion where the plaintiff is the same in both cases it's the trustee wins in front of the state district court and then in the bankruptcy court says hey to the bankruptcy court now I want the bankruptcy court to just adopt everything as truth without having to independently demonstrate its position to the bankruptcy judge. I asked for a little clarification because I'm confused by what you mean as offensive issue preclusion because the parties are the same and it's the difference between the case that you cited and the present case that the plaintiff lost in one and one in the other I'm not I'm not really getting I'm not really getting why it's offensive issue preclusion. Well it's your honor it's because the trustee wants to take the findings that it obtained in the state court and then just have the bankruptcy court adopt those wholesale. But that occurs in dischargeability litigation all the time. I mean that's the problem with offensive use is that the collateral estoppel seeks to foreclose the defendant from litigating an issue he has previously litigated unsuccessfully with another party. In this instance and that's the point judge that Judge Bram was just making is that in this instance yeah you're right it's it's offensive but it's offensive because it's offending your client's position. The reality is that the same two parties under a different theory but using the same facts that were clearly established least according to the trustees position that were established by the state court against the same individual who had every right to defend. Bayek was present. Snowshoe was a defendant. Snowshoe was in privity with Bayek and the Bayek trust. I mean nothing's different except you don't you don't want to race you to cottage to apply or you don't want collateral estoppel or issue preclusion to be applied here right. Correct your honor and one of the other arguments we raise is although there was a mention of claim preclusion there wasn't actually an analysis of the Weddell v. Sharpe factors under Nevada state law and I'll reserve my remain. This is one of those where you probably should reserve what you've got left. We'll maybe add a few minutes a few seconds back in and give him a flat two minutes. Thank you your honor. Thank you Mr. Deberry and you're muted. You're still muted unfortunately. There you are. Thank you. I swear to myself I would not make that error and of course I did. May it please the court and counsel Jonathan Deberry of Sullivan Hill resident Ingle on behalf of Mr. William Leonard the chapter 7 trustee. Candidly your honors have made many of the arguments I was going to make. Your honor Judge Gantt has raised the issue of waiver and that has jogged my memory. I believe the it's the Eastern District but I know one of the California districts actually does have a local rule suggesting that when you have a jurisdictional argument going to the bankruptcy appellate panel as opposed to the district court is a waiver of that argument and I would suggest that their time to make that appeal has now run since the time we wish they had to appeal the bankruptcy court's decision is passed. I'm not sure I mean I think our we're obviously troubled by this but is it a way what is the quality of the waiver I mean does it mean that it's it's retroactively waiving or or you know to the extent it wasn't waived below it now is or is it simply a waiver in the sense that we can decide something but if we just but we can still decide there was no jurisdiction below to know of no power excuse me below to do it so we send it back and you know what does that mean what is waiver mean in that context? Well he is first of all I would mention that obviously this court like all federal courts first must determine whether which is why it's so important that issue in the first instance. If they have for I would suggest that they forfeit the right to appeal if you file an appeal to the wrong court there's this venue matter where the district court says well I'm going to dismiss but because the statute might have run I'll instead change venue or require you to waive the statute of limitations. Here their ability to appeal to a court which can give them appropriate relief has expired and this court not grant appropriate relief all it can do is affirm what happened below what happened below but this court actually does not have the jurisdiction to do either therefore they have forfeited that right and that part of their case I will say I'm not sure that you can dice jurisdiction that finally that they can still proceed with other two arguments if this court lacks jurisdiction to either affirm or revert that would also be true of the other issues that they have raised but moving on to those other issues. So counsel let me just ask you based upon what what Mr. Eccles or if I mispronounce his name I I apologize indicated in response to my very convoluted but complicated question it seemed to me he was suggesting we don't want to lose jurisdiction in the back we want you to review the decision we'll go from there so it sounded to me like if waiver was necessary he was agreeing that they waive the Stern argument did you hear something different am I misinterpreting what he said? I think they have conceded that they have waived it but I thought it appropriate to address the issue just in case your honors didn't feel the same way it is not correct to say that the trustees step into the truths of the Herbst parties this was not an assignment of to of a claim to the trustee the trustee as your honor indicated was stipulated into the case he then filed an amended complaint seeking different relief he did not pursue on behalf of the Herbst parties and that's how this is different from the Williams case that they cite where the trustee basically acted as the attorney or the avatar I think is what we would call them today of a creditor or a group of creditors who were going to be the sole beneficiaries of that recovery here the creditors of the estate will be the beneficiaries of recovery the statement that this is currently before the Nevada State Court I think sort of begs the issue of does yes it does not to determine the powers of a bankruptcy trustee that is reserved for the bankruptcy courts and the bankruptcy system in fact I would take their argument grunts case which is the decision that state courts cannot determine relief from state matters certainly not in a binding way where the bankruptcy court has to abide by the determination of the state court whether the trustee has the ability the right under the bankruptcy code to pursue those claims is a matter reserved for the jurisdiction of this court they talk about the use of issue preclusion your honors have mentioned the difference between it being parties who are in privity with each other I would also point out that there is the Ninth Circuit law that we cited in Ray Deitz I believe it is and it's cited in our brief that specifically affirms the use of offensive issue preclusion that's a Ninth Circuit decision that case came after the Waddell case that they are citing so the Ninth Circuit's declaration of what Nevada law is is I submit binding upon this court because the Ninth Circuit certainly has not reversed its decision indicts or even questioned it so I'm sorry in Pike it is the dice case that says once we decide an issue it's decided and in Pike they decided yes offensive issue preclusion is permitted under state law with respect to whether judges the bankruptcy court did the Waddell analysis it presumed that he knew the law and knew the requirements he was very familiar with the record as you can that that given his comments over the length of the hearing did the Waddell analysis although perhaps he did not have a checklist before him and say I'm gonna find issue one I'm gonna find issue two etc that's he is not if you read the Waddell case then say how the court is to address that and even if it did I would suggest that may not be binding on a bankruptcy court because that might be a procedural issue as opposed to a substantive law of well this you have to find that would be substantive how you find it and how you articulate it would be a procedural issue so he first of all he did it it's very clear and as we also mentioned that it is so clear from the record it would be harmless error I don't think we are asking the court to make appellate factual findings we are asking the court to say that having reviewed the entire record we can find that judge Zive knew what the requirements of Waddell were and he met those requirements in his analysis even if he did not use a checklist let me just have I'm also a little concerned that Waddell may not be applicable in this instance and that is because it generally is used when a defendant in a in a prior suit is able when a defendant is able to say that the didn't include them in a prior suit for a reason that was unfair and now it's seeking to use collateral or sample of issue preclusion against them and we know that in this fact in this case by a can the bike trust in snowshoe were all parties to the prior litigation so is that another basis to distinguish Waddell from this particular matter certainly I'm going to agree with your honor yes and I didn't go into depth because your honor articulated that before I reached that issue but certainly yes okay on one hand you think it's not applicable on the other hand you think that the record would demonstrate that if there was necessary he complied and one thing I would add it comes to mind is I believe they have forfeited that issue because it was not raised in the bankruptcy court and so that's a forfeiture unless the panel has questions that's my argument I didn't have anything else I really needed to address you counsel I'm fine thanks all right mr. Eccles you're gonna benefit from his argument going a little bit short and we'll give you you've got about a minute we'll give you two okay thank you your honor so to answer judge Gans question that came up in the answering argument on the threshold issue of jurisdiction your honor was questioning whether we would waive the initiative threshold issue on the stern and so forth absolutely we will because we'd rather have the court decide the other issues in the case rather than dismiss the appeal on the preclusion issue judge Gans again your honor raises an interesting issue of does Waddell apply or does some other version of claim preclusion apply and in Nevada State Court it kind of started with Edwards versus Gandower I'm sure goes before that then went to five-star versus Ruby and then went to Waddell and then there's a more recent case that doesn't add a whole lot to Waddell but it does add some things that was cited in our brief called Tassinari or excuse me Mendenhall versus Tassinari and so really all Waddell added was that that third factor that your honor mentioned even if Waddell didn't apply the district court or the bankruptcy court would still be required to fall back to the earlier version of the which would go back to the five-star case and then I think everything else we've kind of addressed but in the well let me just ask you about the last thing that he suggested which was waiver do you think you raised the issue with regard to the obligation of the court to set forth the factors of why issue preclusion does or doesn't apply in your original opposition to summary judgment I don't know if it was in there your honor but the reason I raised it is because it showed up on page 10 of the record where it states preclusion principles but has no further analysis there was no analysis at the time of the hearing and so that's the reason I've raised it at this point you couldn't have raised it below because you didn't know what it was going to do correct your honor okay I don't have anything else unless the court has questions for me again no I'm no thank you very much all right thank you very much for your arguments and we will this will be deemed submitted thank you thank you your honors
judges: Taylor, Brand, Gan